UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lorenzo Juan Ramirez, | Case No. 2:24-cv-01231-CDS-BNW |
| Plaintiff | **Dismissal Order** |
| v. | |
| John Doe, et al., | |
| Defendants | |

Pro se plaintiff Lorenzo Juan Ramirez brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Clark County Detention Center. ECF No. 1-1. On December 2, 2024, this court dismissed Ramirez's complaint without prejudice and with leave to amend because the complaint did not include the names of any defendants who could be served. ECF No. 5. The Court ordered Ramirez to file a first amended complaint by January 7, 2025. *Id.*

Ramirez filed a first amended complaint, but the first amended complaint again failed to include the names of any defendants who could be served. ECF No. 7. Ramirez also filed a document titled Proposed Rule 45 Subpoena, but that document also failed to name anyone who could respond to any subpoena. ECF No. 9. On February 6, 2025, the Court denied Ramirez's request for a subpoena without prejudice and directed Ramirez to file a second amended complaint, with at least one named defendant who could be served, by May 7, 2025. ECF No. 9. That deadline expired and Ramirez did not file a second amended complaint or otherwise respond.

I.   Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an

1  action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Ramirez's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Ramirez files a second amended complaint including at least one named defendant who can accept service, the only alternative is to enter another order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception:

there is no hint that Ramirez needs additional time or evidence that he did not receive the Court's February 6, 2025 order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

II.     Conclusion

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Ramirez's failure to file a second amended complaint in compliance with this court's February 6, 2025 order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Ramirez wishes to pursue his claims, he must initiate a new case and file a complaint with at least one named defendant who could be served.

Dated: May 16, 2025

_____
Cristina D. Silva
United States District Judge